UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------- x
BRIAN BURRELL,

                Petitioner,

                - against -

UNITED STATES OF AMERICA,

                Respondent.
---------------------------------------------------------- x

**MEMORANDUM & ORDER**

14 CV 0771 (RJD)

DEARIE, District Judge.

      Petitioner Brian Burrell moves pursuant to 28 U.S.C. § 2255 to correct his sentence by reducing the five-year term of his supervised release. (Pet'r's Mot., ECF No. 1). According to Burrell, that five-year term exceeds the statutory maximum and his attorney's failure to raise the issue constitutes ineffective assistance of counsel. The Court denies the petition.

## BACKGROUND

      Burrell's criminal case (No. 97-cr-0998) has a lengthy history, the result of significant changes in sentencing jurisprudence that have unfolded in recent years. With the benefit of these changes – including three groundbreaking Supreme Court decisions – Burrell successfully challenged three of his previous sentences on appeal, before the Second Circuit upheld the fourth in September 2013. He now attacks his term of supervised release.

      Judge Nickerson entered the first judgment of conviction against Burrell after a jury convicted him of conspiracy to violate 21 U.S.C. § 841 for his role in a crack cocaine and heroin distribution network operating during the 1990s. (Docket No. 247). Applying the then-mandatory drug quantity provisions of the United States Sentencing Guidelines (the

"Guidelines"), Judge Nickerson sentenced Burrell to life without the possibility of parole and a five-year term of supervised release.

The Second Circuit then vacated that sentence and remanded in light of Apprendi v. New Jersey, 530 U.S. 466 (2000), with instructions to limit the sentence to a maximum of thirty years because the jury made no finding on drug quantity. United States v. Burrell, 289 F.3d 220, 225-26 (2d Cir. 2002). On remand, the Court, with the undersigned presiding, resentenced Burrell to 318 months imprisonment – a forty-two month downward departure from the Guidelines minimum of 360 months – and again imposed a five-year term of supervised release. (ECF No. 299).

On appeal for the second time, the Second Circuit once again remanded the case, this time in light of United States v. Booker, 543 U.S. 220 (2005), and United States v. Crosby, 397 F.3d 103 (2d Cir. 2005). United States v. Burrell, No. 03-1678 (2d Cir. Mar. 7, 2005) (ECF No. 309). At the Booker resentencing on December 20, 2006, the Court again reduced Burrell's sentence, entering an amended judgment imposing sentence of 228 months imprisonment and again imposing a five-year term of supervised release. (ECF No. 337).

Burrell took a third appeal, and on May 19, 2008, the Second Circuit remanded again, this time in light of Kimbrough v. United States, 552 U.S. 85 (2007), as applied in United States v. Regalado, 518 F.3d 143 (2d Cir. 2008). United States v. Burrell, No. 06-5817-cr (2d Cir. Apr. 21, 2008) (ECF No. 353). In Regalado, the Second Circuit concluded that certain pre-Kimbrough decisions created "an unacceptable likelihood of error" in crack cocaine offense cases due to the possibility that the district courts had not previously appreciated their "now clear discretion to mitigate the sentencing range produced by the 100–to–1 ratio" between powder and crack quantities set forth in the Guidelines. Regalado, 518 F.3d at 147-48. On remand once

again, Burrell filed a motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). The Court denied that motion and declined to resentence Burrell under Regalado, noting that we had already exercised our discretion by imposing a term of incarceration below the Guidelines range. United States v. Burrell, No. 97-cr-9985 (RJD), 2012 WL 3990654, at *3-4 (E.D.N.Y. Sept. 11, 2012).

The Second Circuit then affirmed Burrell's sentence on September 13, 2013. United States v. Miles, 536 F. App'x 48, 53 (2d Cir. 2013). Burrell filed the present 28 U.S.C. § 2255 motion (his first) on February 3, 2014. Burrell makes no attack on his term of incarceration, which ends shortly. Rather, he argues that his attorney provided ineffective assistance of counsel by failing to challenge the supervised release portion of his sentence, arguing that the five-year term exceeds the statutory maximum under 18 U.S.C. § 3583(b)(2), specifically, the maximum of three years imposed on class C felonies.

## DISCUSSION

A petitioner may obtain relief "under § 2255 only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes a fundamental defect which inherently results in a complete miscarriage of justice." Cuoco v. United States, 208 F.3d 27, 30 (2d Cir. 2000) (internal quotations and citations omitted). Collateral attacks under section 2255 seek "an extraordinary remedy," and do not function as an alternate means of appeal. Bousley v. United States, 523 U.S. 614, 621 (1998). Accordingly, claims that were not raised on direct appeal are generally procedurally barred, unless petitioner "can first demonstrate either cause and actual prejudice or that he is actually innocent." Id. at 621-22. However, ineffective assistance of counsel claims are exempt from this procedural default rule and consequently "may be brought in a collateral proceeding under § 2255 whether or not the

3

petitioner could have raised the claim on direct appeal." Massaro v. United States, 538 U.S. 500, 504 (2003). Burrell makes such a claim, arguing that his attorney's ineffective assistance resulted in a longer term of supervised release than is lawfully permitted. The motion is properly before the Court.

In order to prevail on a claim of ineffective assistance of counsel, Burrell must "demonstrate that his counsel's performance 'fell before an objective standard of reasonableness' in light of 'prevailing professional norms,'" as well as prove that actual prejudice resulted. United States v. Cohen, 427 F.3d 164, 167 (2d Cir. 2005) (quoting Strickland v. Washington, 466 U.S. 668, 688, 693 (1984)). There exists "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Strickland, 466 U.S. at 689.

We will assume that the failure to challenge a term of supervised release in excess of a statutory maximum constitutes ineffective assistance of counsel. Burrell's motion suffers from a more fundamental problem: the argument that section 3583(b)(2) limits the length of his supervised release is simply incorrect. The Court derives this conclusion from both the plain language of 21 U.S.C. § 841(b), and Second Circuit authority interpreting prior versions of that statute, which demonstrate that section 3583(b)(2) is inapplicable here.

In accordance with the Second Circuit's first remand in this case, Burrell was resentenced pursuant to the ranges set forth in 21 U.S.C. § 841(b)(1)(C). This section has seen a multitude of amendments and revisions and currently provides in relevant part: "Notwithstanding section 3583 of title 18, any sentence imposing a term of imprisonment under this paragraph shall, in the absence of such a prior conviction, impose a term of supervised release of at least 3 years in addition to such term of imprisonment." 21 U.S.C. § 841(b)(1)(C). The language specifically excluding section 3583 is unambiguous, but was included in an amendment to the statute in

4

2002, after the Second Circuit's first remand but prior to all of Burrell's subsequent resentencings. Applying the plain meaning of that provision, we conclude that the section 3583 maximum that Burrell relies upon in his motion is inapplicable to his sentence.

Moreover, the 2002 amendment presents no ex post facto issue, because, even before that amendment explicitly excluded the limits set forth in section 3583, the Second Circuit held that section 3583 does not override a contradictory provision in section 841 requiring at least a three-year term of supervised release. United States v. Eng, 14 F.3d 165, 172 (2nd Cir. 1994). Because the language of section 3583 limits its own applicability through its use of the phrase "except as otherwise provided," 18 U.S.C. § 3583(b), the Second Circuit concluded that the maximum term of supervised release is a general rule subject to exceptions. Eng, 14 F.3d at 172. As the court explained: "the supervised released terms authorized by Congress for drug offenses, including section 841, were added in the same statute that amended section 3583(b) by adding the limiting phrase 'Except as otherwise provided.'" Id. at 172-73. The simultaneous amendment of both provisions demonstrated a clear legislative intent to exempt sentences for drug offenses imposed under section 841 from the maximums set forth in section 3583(b)(2). Id. at 173.

## CONCLUSION

In short, from the time of Burrell's offense through the final resentencing, the maximum term of supervised release under 18 U.S.C. § 3583(b)(2) was inapplicable to sentences imposed pursuant to 21 U.S.C. § 841(b)(1)(C). At all times the minimums stated in the latter provision controlled. Therefore, counsel cannot be found ineffective for failing to argue that section 3583(b)(2) applied. Accordingly, relief under 28 U.S.C. § 2255 is not warranted in this case. The Court denies the petition on the merits. Because Burrell has not "made a substantial

5

showing of the denial of a constitutional right," a certificate of appealability will not issue. 28 U.S.C. § 2253(c)(2); see, e.g., United States v. Miller, No. 99-cv-3346 (RJD), 2010 WL 1269796, at *28 (E.D.N.Y. March 30, 2010).

SO ORDERED.

Dated: Brooklyn, New York
August 11, 2014

/s/ Judge Raymond J. Dearie

_____
RAYMOND J. DEARIE
United States District Judge